UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE MANUEL FRIAS LOPEZ et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 2:24-cr-00016-LK<br><br>ORDER CONTINUING TRIAL AND PRETRIAL MOTIONS DEADLINE |

　　　　This matter comes before the Court on the Government and Defendant Jose Luis Villafane Osorio's Stipulated Motion to Continue Trial. Dkt. No. 62. Both parties have stipulated to continue the trial in this case from October 16, 2024 to March 17, 2025, and to continue the pretrial motions deadline to February 3, 2025. *Id.* at 1. Mr. Villafane Osorio has waived his speedy trial rights through March 31, 2025. Dkt. No. 63 at 1.

　　　　On January 24, 2024, a federal grand jury indicted Mr. Villafane Osorio and numerous co-defendants on multiple counts associated with the alleged importation of cocaine and international money laundering. Dkt. No. 1 at 1–12. The indictment specifically charged Mr. Villafane Osorio with one count of Conspiracy to Import Cocaine, one count of Distribution of Cocaine for Purpose

of Importation, one count of Attempted Importation of Cocaine, one count of Conspiracy to Commit Money Laundering, and two counts of Money Laundering—Concealment. *Id.* at 1–5; *see also* 21 U.S.C. §§ 952(a), 959(a), 960(a)(1), (3), 960(b)(1)(B), and 963; 18 U.S.C. §§ 2, 1956(a)(2)(B)(i), 1956(a)(3)(B), 1956(h).[1] Mr. Villafane Osorio is the only Defendant who was arrested in the United States, as seven others were arrested in Colombia and are awaiting extradition to the United States, while two remain at large outside of the United States. Dkt. No. 62 at 4. Mr. Villafane Osorio is currently in custody, Dkt. No. 52–53, 59; *United States v. Villafane Osorio*, No. 2:24-mj-10137-MAH, June 5, 2024 Docket Entry (D.N.J.), and has pleaded not guilty to all charges against him, Dkt. No. 50.

The Government and Mr. Villafane Osorio characterize this case as "complex": "the investigation involves several related cases," "[t]he indictments arise out of a yearslong investigation into the alleged distribution of significant quantities of cocaine, and other drugs, over a lengthy period of time," and the conspiracy spanned from this District to Mexico and Colombia. Dkt. No. 62 at 6. At this juncture, "the Government has produced more than 9,800 pages of discovery," including "hundreds of DEA investigative reports and voluminous search warrant materials," and "is in the process of producing additional materials that were obtained as part of takedown [searches] . . . in the coming weeks[.]" *Id.* at 4. A substantial amount of discovery— including "hundreds of law enforcement reports, a large amount of surveillance photographs, many hours of surveillance videos, wire intercepts (conducted under U.S. and Colombian law), and scores of photographs and physical evidence obtained during the execution of takedown searches that occurred" in both the United States and Colombia—"is still being organized and has yet to be

---

[1] On May 15, 2024, a federal grand jury returned a superseding indictment that charged a tenth defendant in this case. Dkt. No. 23. The charges originally lodged by the grand jury in January 2024 against Mr. Villafane Osorio remained the same in the superseding indictment. *Compare* Dkt. No. 1 at 1–5, *with* Dkt. No. 23 at 1–5.

produced." *Id.* at 6. And because "the charges against Mr. Villafane Osorio stem from undercover activities conducted by DEA agents and CNP investigators in Colombia, much of the discovery in this case is still within the possession and control of the Colombian government," and "[t]he Government is currently in the process of obtaining these materials pursuant to a mutual legal assistance request[.]" *Id.* at 4, 6; *see also* 18 U.S.C. §§ 3161(h)(8), 3292(d).

Both the Government and Mr. Villafane Osorio "agree that a continuance is necessary to permit further investigation of potential pretrial motion and trial preparations." Dkt. No. 62 at 6. They emphasize that "[t]he yearslong nature of the investigation, voluminous amount of discovery, the fact that much of the discovery is still located in Colombia, the serious allegations and mandatory minimum prison term that [Mr. Villafane Osorio] faces if convicted, . . . [and] the potential for interrelated indictments" make this case unsuitable for trial "sooner than nine months after [Mr. Villafane Osorio's] arrest." *Id.* at 5. Furthermore, once the Government receives the pending discovery from the Colombian government, "the defense will need additional time to review and analyze the evidence prior to the filing of pretrial motions and preparing for trial." *Id.* at 6.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Mr. Villafane Osorio in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the complexity of the case and the exercise of due diligence, due to the Government's need for more time to obtain discovery and defense counsel's need for more time to (1) review that discovery once obtained, (2) consider pretrial motions and defenses, (3) consult with Mr. Villafane Osorio, and (4) prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i)–(ii), (iv). The Court finds that the additional time requested is a

reasonable period of delay and will be necessary to provide the Government, counsel, and Mr. Villafane Osorio reasonable time to accomplish the above tasks.

For these reasons, the Court GRANTS the Government and Mr. Villafane Osorio's stipulated motion, Dkt. No. 62, and ORDERS that the trial date for Mr. Villafane Osorio shall be continued from October 16, 2024 to March 17, 2025, and that the pretrial motions deadline shall be continued to February 3, 2025. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Mr. Villafane Osorio's trial must commence under the Speedy Trial Act.

Dated this 12th day of August, 2024.

Lauren King
United States District Judge